J-A04001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| E.S. | : | IN THE SUPERIOR COURT | |
| | : | OF PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| C.J. | : | No. 1768 EDA 2020 | |

Appeal from the Order Entered August 11, 2020
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No: No. OC2000388

BEFORE: STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.: **FILED: MARCH 15, 2021**

E.S. ("Grandmother") appeals from the order entered August 11, 2020, which denied her petition to intervene in the custody proceeding involving her granddaughter, B.S. ("Child"), born in August 2017, due to lack of standing. After careful review, we affirm.

We glean the facts and procedural history of this case from the certified record. The Montgomery County juvenile court adjudicated Child dependent in October 2017. Grandmother is Child's maternal grandmother, and the court placed Child with Grandmother from August 2018 until June 2019. However, the Montgomery County orphans' court terminated the parental rights of R.S. ("Mother") involuntarily by decree dated May 16, 2019. By order dated July

_____

[*] Retired Senior Judge assigned to the Superior Court.

2, 2019, the Montgomery County juvenile court transferred legal and physical custody of Child to C.J. ("Father"). The court later ended Child's dependency.

Despite the involuntary termination of her parental rights, Mother filed a *pro se* complaint for custody of Child in Philadelphia, where both she and Father lived, on February 27, 2020. Father filed *pro se* preliminary objections on March 11, 2020, arguing that Mother lacked standing to seek custody. On July 17, 2020, Grandmother filed a petition to intervene, requesting primary physical custody of Child. She averred that it would be in Child's best interest to live with her because of Father's criminal history. Father, now represented by counsel, filed a second set of preliminary objections on August 5, 2020, challenging Grandmother's standing.

The trial court conducted hearings on Father's preliminary objections on August 11, 2020, after which it entered orders dismissing Mother's custody complaint and denying Grandmother's petition to intervene due to a lack of standing. Grandmother timely filed a notice of appeal from the order denying her petition to intervene on September 3, 2020. By order entered September 21, 2020, the court directed Grandmother to file a concise statement of errors

complained of on appeal within twenty-one days, and Grandmother timely complied by filing a concise statement on September 25, 2020.[1, 2]

Grandmother now raises the following claims for our review:

A. Whether the trial court erred as a matter of law in finding that [Grandmother] lacked standing to have filed a Petition to Intervene in the [custody case?]

B. Whether the trial court erred as a matter of law in finding that [Grandmother's] rights as a grandparent are derivative of [M]other's parental rights[?]

C. Whether the trial court erred as a matter of law in failing to consider "brief temporary absences" under 23 Pa.C.S.[A.] §5325(3), before concluding that the child had not resided with [Grandmother] for 12 consecutive months[?]

Grandmother's Brief at 4 (suggested answers omitted).

_____

[1] As this is a children's fast track appeal, our Rules of Appellate Procedure required Grandmother to file her concise statement at the same time as her notice of appeal. **See** Pa.R.A.P. 1925(a)(2)(i) ("In a children's fast track appeal . . . [t]he concise statement of errors complained of on appeal shall be filed and served with the notice of appeal."). Despite Grandmother's failure to comply with Rule 1925(a)(2)(i), we will accept her concise statement. **See In re K.T.E.L.**, 983 A.2d 745, 747-48 (Pa. Super. 2009) (declining to quash or dismiss the appeal, or find waiver, where the appellant filed her concise statement three days after her notice of appeal).

[2] Although there is no longer a custody action for Grandmother to intervene in, we conclude that this matter is not moot. Grandmother requested in her petition that she receive primary physical custody of Child, and the trial court ruled that she lacked standing to make that request. If we were to agree with Grandmother that she did have standing, we would reverse the court's ruling, remand, and direct the court to treat Grandmother's petition as a complaint for custody. Thus, this is not a situation where we would be unable to enter an order having any legal force or effect. **See In re D.A.**, 801 A.2d 614, 616 (Pa. Super. 2002) ("An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.").

All three of Grandmother's claims challenge the trial court's conclusion that she lacked standing to pursue custody of Child. "'Threshold issues of standing are questions of law; thus, our standard of review is *de novo* and our scope of review is plenary.'" **K.W. v. S.L.**, 157 A.3d 498, 504 (Pa. Super 2017) (quoting **Rellick–Smith v. Rellick**, 147 A.3d 897, 901 (Pa. Super. 2016)).

We begin with Grandmother's second claim, in which she argues that the trial court erred by concluding that the termination of Mother's parental rights to Child also terminated her standing to seek custody.[3] Grandmother's Brief at 13-14. Grandmother contends that she does not lose standing until an adoption occurs and directs our attention to Section 5326 of Pennsylvania's child custody statute, which provides as follows:

> Any rights to seek physical custody or legal custody rights and any custody rights that have been granted under section 5324 (relating to standing for any form of physical custody or legal custody) or 5325 (relating to standing for partial physical custody and supervised physical custody) to a grandparent or great-

---

[3] In its opinion, the trial court states that it did not err in this regard because the termination of Mother's parental rights was "not relevant to why [it] denied [Grandmother] standing to seek custody of [Child] in the instant case." Trial Court Opinion, 10/21/20, at 8-9. To the contrary, the court stated as follows when explaining its decision at the conclusion of the August 11, 2020 hearing:

> . . . . I'm also finding that [Grandmother] has no standing also, not just [because] of that reason, but also because her daughter has no standing. And her standing is derivative, because she's no longer a grandparent, due to the Court's order, terminating the mother's biological rights, I'm sorry, strike that. Parental rights.

N.T., 8/11/20, at 34-35.

- 4 -

grandparent prior to the adoption of the child by an individual other than a stepparent, grandparent or great-grandparent shall be automatically terminated upon such adoption.

23 Pa.C.S.A. § 5326.

Grandmother is correct that the termination of Mother's parental rights alone does not deny her standing to seek custody of Child. The plain language of Section 5326 provides that a grandparent's standing terminates "upon . . . adoption" of the child, and only if that adoption is by someone "other than a stepparent, grandparent or great-grandparent[.]" *Id.* Because the record does not indicate that Child has been adopted, let alone by someone other than a stepparent, grandparent, or great-grandparent, Grandmother may still obtain standing if she otherwise meets the statutory requirements.

This Court reached a similar conclusion when analyzing a prior version of the statute in *Rigler v. Treen*, 660 A.2d 111 (Pa. Super. 1995).[4] There, we observed that an adoption by a stepparent or grandparent will necessarily involve termination of parental rights while the biological parents remain alive. *Id.* at 113. Since the rights of grandparents survive such an adoption, we

---

[4] The Court analyzed Section 5314, which provided as follows:

Sections [of the custody statute conferring standing in various circumstances] shall not apply if the child has been adopted by a person other than a stepparent or grandparent. Any visitation rights granted pursuant to this section prior to the adoption of the child shall be automatically terminated upon such adoption.

23 Pa.C.S.A. § 5314 (repealed).

explained, it follows that the termination of parental rights alone does not end any existing custody rights that a grandparent may have, nor does it end that grandparent's rights to pursue custody in the future. *Id.* at 113-14 ("Further, under the explicit provisions of Section 5314, the Riglers' standing was not affected when . . . R.B.'s stepfather, adopted him. We therefore conclude that the Riglers did have standing to seek visitation with R.B., and that the trial court properly considered their petition on its merits.").

While we agree with Grandmother that the trial court erred by finding that her standing to pursue custody of Child was "derivative" of Mother's parental rights, we conclude that the court's error was harmless and does not entitle her to relief. *See J.C. v. K.C.*, 179 A.3d 1124, 1130 (Pa. Super. 2018) (quoting *Harman ex rel. Harman v. Borah*, 756 A.2d 1116, 1122 (Pa. 2000)) (in order to avoid a finding of harmless error, an appellant "'must demonstrate . . . . that he or she has suffered prejudice from the mistake.'"). As we discuss in detail below, Grandmother has failed to establish that she meets the requirements for standing under any of the relevant sections of the custody statute.

Grandmother's second and third claims are interrelated, and involve her contention that she has standing to seek custody of Child pursuant to Sections 5324(3), 5325(2), and 5325(3) of the custody statute. We begin with Section 5324(3), which provides as follows:

> The following individuals may file an action under this chapter for any form of physical custody or legal custody:

- 6 -

\*\*\*

(3) A grandparent of the child who is not in loco parentis to the child:

(i) whose relationship with the child began either with the consent of a parent of the child or under a court order;

(ii) who assumes or is willing to assume responsibility for the child; and

(iii) when one of the following conditions is met:

(A) the child has been determined to be a dependent child under 42 Pa.C.S. Ch. 63 (relating to juvenile matters);

(B) the child is substantially at risk due to parental abuse, neglect, drug or alcohol abuse or incapacity; or

(C) the child has, for a period of at least 12 consecutive months, resided with the grandparent, excluding brief temporary absences of the child from the home, and is removed from the home by the parents, in which case the action must be filed within six months after the removal of the child from the home.

23 Pa.C.S.A. § 5324(3).

It is undisputed that Grandmother meets the requirements of Section 5324(3)(i) and (ii). The Montgomery County juvenile court ordered that Child

would reside with Grandmother during Child's dependency, and Grandmother testified at the hearing that she was willing to assume responsibility for Child. N.T., 8/11/20, at 7-9, 17-18, 26. What remains in question, however, is whether Grandmother meets any of the requirements of Section 5324(3)(iii). The trial court determined that Grandmother fails to meet these requirements, reasoning as follows:

> . . . . [Child] was no longer dependent as of July 2, 2019, when the [Montgomery County juvenile court] found that it was in the best interest of [Child] to be placed in the legal and physical custody of [Father.[5]] [Grandmother] submitted no evidence to indicate that the child is at risk due to parental abuse, neglect, and drug or alcohol abuse. Finally, [Child] only lived with [Grandmother] for a period of approximately ten and one-half months, not the required "period of at least twelve consecutive months." Furthermore, [Grandmother] did not file her action in Philadelphia within six months after the child was removed from [Grandmother's] home in Florida by representatives of Montgomery County C.Y.S., who had legal custody of the child at the time of her removal from [Grandmother's] care.
>
> For the foregoing reasons, [Grandmother] does not have standing to seek custody of [Child] pursuant to 23 Pa.C.S.[A.] § 5324(3).

Trial Court Opinion, 10/21/20, at 7 (footnote and citations omitted).

Initially, Section 5324(3)(iii)(A) grants standing if "the child has been determined to be a dependent child" under the Juvenile Act. 23 Pa.C.S.A. § 5324(3)(iii)(A). Grandmother contends that she meets the requirements of

---

[5] At the hearing, the trial court stated that Child's dependency ended pursuant to an order entered July 30, 2019, which terminated court supervision. N.T., 8/11/20, at 31-32. Father attached a copy of this order to his preliminary objections to Grandmother's petition to intervene.

this subsection because Child has been adjudicated dependent in the past. Grandmother's Brief at 10-11. In the alternative, she suggests that Child still meets the definition of "dependent child" because of Father's "substance abuse and psychological issues." *Id.* at 11.

Grandmother's argument does not entitle her to relief. This Court has explained that Section 5324(3)(iii)(A) requires a dependency to be ongoing to confer standing. *See M.W. v. S.T.*, 196 A.3d 1065, 1071-73 (Pa. Super. 2018), *appeal denied*, 199 A.3d 336 (Pa. 2018) (concluding the appellant lost standing because her grandchildren's dependency ended during the custody case). Child's dependency in this case ended in 2019. Further, Grandmother's personal opinion that Child should still be dependent clearly fails to satisfy the language of the statute, which requires that Child be "determined to be a dependent child," pursuant to the requirements of the Juvenile Act to apply. 23 Pa.C.S.A. § 5324(3)(iii)(A).

Next, Section 5324(3)(iii)(B) grants standing if "the child is substantially at risk due to parental abuse, neglect, drug or alcohol abuse or incapacity[.]" 23 Pa.C.S.A. § 5324(3)(iii)(B). Grandmother does not address this subsection separately from Section 5324(3)(iii)(A) in her brief, but simply relies on her allegations above that Father suffers from "substance abuse and psychological issues." Grandmother's Brief at 11.

We discern no abuse of discretion by the trial court. While Grandmother alleged during the hearing that Father posed a danger to Child, she failed to

support her allegations with corroborating evidence. *See* N.T., 8/11/20, at 7-9. Moreover, Grandmother admitted that she had only even met Father three times. *Id.* at 11. It was within the court's discretion to accord Grandmother's allegations no weight, and we see no basis to disturb its determination.

Finally, Section 5324(3)(iii)(C) grants standing if "the child has, for a period of at least 12 consecutive months, resided with the grandparent . . . and is removed from the home by the parents, in which case the action must be filed within six months after the removal of the child from the home." 23 Pa.C.S.A. § 5324(3)(iii)(C). It appears that Grandmother fails with respect to the first two elements of this subsection, as the record reveals Child resided with her for only ten months, and a child protective services agency removed Child from her care.[6]

Grandmother's argument to the contrary requires some explanation. At the hearing on August 11, 2020, Grandmother testified that Child was in her care from August 2018 until June 2019. N.T., 8/11/20, at 11. She repeats the same dates in her brief on appeal. Grandmother's Brief at 5-6. However, Grandmother asserts in her brief that Child did not reside with her for about

---

[6] With respect to the third element of Section 5324(3)(iii)(C), Grandmother filed her petition to intervene in Philadelphia on July 17, 2020, more than six months after Child's removal in June 2019. However, the record indicates that Grandmother initially pursued custody of Child in Montgomery County in December 2019, within the relevant six months. N.T., 8/11/19, at 28-29. We need not consider if Grandmother's initial filing in Montgomery County satisfies the third element of Section 5324(3)(iii)(C), as she would lack standing regardless due to her failure to satisfy the first and second elements.

ten months, as those dates would suggest, but actually resided with her for a year and a half. *Id.* at 12. She directs our attention to the following exchange during her cross-examination:

> Q. So, again, [Grandmother], you agree that the child lived with you from August 14th 2018, until June 29th of 2019, when C[Y]S came and took the child from you in Florida, right?
>
> A. Yes.
>
> Q. And that's about ten months, right?
>
> A. Yes.
>
> Q. And you stated –
>
> A. Well, a year-and-a-half.
>
> Q. Okay. . . .

N.T., 8/11/20, at 11.

We find no merit in Grandmother's argument. It appears that she simply miscalculated the amount of time that Child was in her care while testifying. Even if it is correct that Child spent a year and a half in Grandmother's care, and she misstated the relevant dates during the hearing, she conceded that a child protective services agency removed child from her care and not a parent. *Id.* at 11-13. Accordingly, she would fail to meet the requirements of Section 5324(3)(iii)(C) anyway.

We now turn our attention to Grandmother's claim that she possesses standing pursuant to Sections 5325(2) and 5325(3) of the custody statute, which provide as follows:

- 11 -

In addition to situations set forth in section 5324 (relating to standing for any form of physical custody or legal custody), grandparents and great-grandparents may file an action under this chapter for partial physical custody or supervised physical custody in the following situations:

\*\*\*

(2) where the relationship with the child began either with the consent of a parent of the child or under a court order and where the parents of the child:

(i) have commenced a proceeding for custody; and

(ii) do not agree as to whether the grandparents or great-grandparents should have custody under this section; or

(3) when the child has, for a period of at least 12 consecutive months, resided with the grandparent or great-grandparent, excluding brief temporary absences of the child from the home, and is removed from the home by the parents, an action must be filed within six months after the removal of the child from the home.

23 Pa.C.S.A. § 5325(2)-(3).

In its opinion, the trial court maintains that Section 5325 is inapplicable in this matter. Trial Court Opinion, 10/21/20, at 8. The court explains that Section 5325 applies to requests for partial or supervised physical custody, Grandmother requested primary physical custody in her petition to intervene, and Grandmother did not move to amend her petition to include a request for partial or supervised physical custody at the hearing. *Id.* While this is correct, the court itself raised Section 5325 at the hearing and discussed it at length. N.T., 8/11/20, at 27-29. Given that the court injected the question of whether Section 5325 grants Grandmother standing into the case, Grandmother should

be permitted to challenge the court's analysis of that question on appeal. Thus, we address the merits of Grandmother's claim.

Grandmother argues that Section 5325(2) grants her standing because Child resided with her pursuant to a court order, Mother commenced a custody action, and Mother and Father did not agree whether Grandmother should have custody. Grandmother's Brief at 14-15. Grandmother argues Section 5325(3) applies by largely repeating her previous argument regarding Section 5324(3)(iii)(C). She insists that Child lived with her for over a year, this time contending that the trial court erred by failing to include "brief temporary absences" in its calculation of the relevant time period, and that the child protective services agency removed Child from her care improperly. *Id.* at 15.

Grandmother's argument regarding Section 5325(2) does not entitle her to relief, as Mother filed her custody petition on February 27, 2020, after the Montgomery County orphans' court terminated her parental rights to Child in May 2019. Therefore, Mother was no longer Child's legal parent, and the custody proceeding she commenced was not one between "the parents of the child" as the statute requires. 23 Pa.C.S.A. § 5325(2).

As for Section 5325(3), Grandmother's argument must fail for the same reasons as her argument regarding Section 5324(3)(iii)(C). Child did not live with Grandmother for twelve months. Even if Child did live with Grandmother

for twelve months, it is beyond cavil that a parent did not remove Child from her care. Thus, Grandmother lacks standing under this subsection as well.

Based on the foregoing analysis, we conclude that the trial court erred by ruling that Grandmother lacked standing due to the involuntary termination of Mother's parental rights. However, the court's error was harmless because Grandmother does not meet the statutory requirements for standing pursuant to Sections 5324 and 5325. We therefore affirm the court's August 11, 2020 order denying Grandmother's petition to intervene.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/21