J-S16001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RICHARD C. GRATE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VENITA D. MANN | : | |
| | : | |
| Appellant | : | No. 4 EDA 2023 |

Appeal from the Order Entered December 1, 2022
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s): 0C1302259

BEFORE: DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.: **FILED MAY 31, 2023**

Venita D. Mann ("Mother") appeals *pro se* from the December 1, 2022 order which denied Mother's petitions for modification of custody, awarded Richard C. Grate ("Father") sole legal and primary physical custody, and awarded Mother partial physical custody of the parties' then-14-year-old child, D.M.X. ("Child"). Upon review, we conclude that the trial court properly considered the 23 Pa.C.S. § 5328(a) custody factors and find Mother's remaining issues to be waived because Mother failed to preserve them for our review. Accordingly, we affirm.

A detailed recitation of the factual and procedural history in this case is unnecessary to our disposition. Briefly, Mother and Father have been involved in highly contentious custody litigation since January 2013. Father has had primary physical custody of Child since September of 2018. On March 19, 2019, the trial court awarded the parties shared legal custody and Mother

partial physical custody of Child on alternating weekends. After the March 19, 2019 custody order, both parties filed numerous petitions to modify custody and for contempt.[1] Most recently, on December 1, 2022, following a hearing, the trial court considered and analyzed the Section 5328 custody factors on the record and awarded Father sole legal custody and primary physical custody of Child. The court awarded Mother primary physical custody of Child every Sunday from 10:00 AM to 7:00 PM and one overnight per month.

Mother filed a timely *pro se* appeal and contemporaneous Pa.R.A.P. 1925(b) statement. In response, the trial court filed a Rule 1925(a) opinion.

Mother raises the following issues for our review:

1.    Whether the trial court showed personal bias and committed an error of law when the [c]ourt would not allow [Mother] to discuss educational issues brought up by [Father]?

2.    Whether the trial court erred in omitting several records and videos regarding the occurrence of sexual abuse in [Father]'s home?

3.    Whether the trial court violated [Mother]'s constitutional right to due process of law?

4.    Whether the trial court erred as matter of law by permitting [Father]'s witness to testify regarding sexual abuse allegations without being certified as an expert while omitting medical records from a psychological evaluator that were vital to the case and refusing to allow witnesses subpoenaed by [Mother]?

---

[1] Specifically, Father filed one petition for contempt and one petition to modify custody. Mother filed approximately 13 petitions for contempt and 3 petitions to modify custody.

5.  Whether the trial court erred in failing to grant a petition for recusal based on showing of prejudice, improper demeanor, and bias towards Appellant?

6.  Whether the trial court erred in failing to address [Mother]'s contempt petitions filed throughout the pendency of the modification hearings?

7.  Whether the trial court erred in failing to consider all the factors under 23 Pa.C.S. § 5328 as to what is in [] Child's best interests?

Mother's Br. at 9.

## A.

This court reviews a custody determination for an abuse of discretion, and our scope of review is broad. *S.W.D. v. S.A.R.*, 96 A.3d 396, 400 (Pa. Super. 2014). This court will not find an abuse of discretion "merely because a reviewing court would have reached a different conclusion." *In re K.D.*, 144 A.3d 145, 151 (Pa. Super. 2016). This Court must accept the findings of the trial court that the evidence supports. *S.W.D.*, 96 A.3d at 400. Importantly, "[o]n issues of credibility and weight of the evidence, we defer to the findings of the trial judge who has had the opportunity to observe the proceedings and demeanor of the witnesses." *K.T. v. L.S.*, 118 A.3d 1136, 1159 (Pa. Super. 2015) (citation omitted). We can interfere only where the "custody order is manifestly unreasonable as shown by the evidence of record." *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006) (citation omitted). Further, in a custody case, relief is not warranted unless the party claiming error suffered prejudice from the mistake. *J.C. v. K.C.*, 179 A.3d 1124, 1130 (Pa. Super. 2018).

The Custody Act requires a trial court to consider all the Section 5328(a) custody factors when "ordering any form of custody," and directs the court to give "weighted consideration to those factors which affect the safety of the child[.]" 23 Pa.C.S. § 5328(a). A trial court must "delineate the reasons for its decision when making an award of custody either on the record or in a written opinion." **S.W.D.**, 96 A.3d at 401. **See also** 23 Pa.C.S. § 5323(a) and (d). However, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." **M.J.M. v. M.L.G.**, 63 A.3d 331, 336 (Pa. Super. 2013).

When reviewing child custody matters, our "paramount concern and the polestar of our analysis" is the best interests of the child. **Saintz**, 902 A.2d at 512 (citation omitted). "The best-interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well-being." **D.K.D. v. A.L.C.**, 141 A.3d 566, 572 (Pa. Super. 2016) (citations omitted). "Common sense dictates that trial courts should strive, all other things being equal, to assure that a child maintains a healthy relationship with both of his or her parents, and that the parents work together to raise their child." **S.C.B. v. J.S.B.**, 218 A.3d 905, 916 (Pa. Super. 2019). Finally, in any action regarding the custody of the child between the parents of the child, there shall be no presumption that custody should be awarded to a particular parent and no preference based upon gender. 23 Pa.C.S. §§ 5327(a) and 5328(b).

- 4 -

**B.**

As an initial matter, we must address whether Mother preserved several of her issues for our review. We review Mother's issues mindful of the fact that Mother filed a *pro se* Rule 1925(b) statement as well as a *pro se* brief. Nevertheless, "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." *Commonweath v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003). As discussed *infra*, we conclude that Mother's first six issues are waived because she either failed to include them in her Rule 1925(b) statement, failed to identify them with specificity, or failed to substantially develop arguments to support them.

It is axiomatic that the Rule 1925(b) Statement "shall set forth only those errors that the appellant intends to assert" and "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(i), (ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." *Id.* at 1925(b)(4)(vii). Further, "[a]n overly vague or broad Rule 1925 statement may result in waiver." *Majorsky v. Douglas*, 58 A.3d 1250, 1258 (Pa. Super. 2012). "The Rule 1925(b) statement must be detailed enough so that the judge can write a Rule 1925(a) opinion[.]" *Commonwealth v. Reeves*, 907 A.2d 1, 3 (Pa. Super. 2006). "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify

in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." *Satiro v. Maninno*, 237 A.3d 1145, 1150 (Pa. Super. 2020) (citation omitted). "In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Id.* (citation omitted).

In her first issue, Mother avers that the trial court abused its discretion when it would not let her discuss educational issues raised by Father. Mother's Br. at 9. Mother failed to include this issue in her Rule 1925(b) Statement. We, therefore, find the issue waived.[2]

In her second and third issues, Mother avers that the trial court erred in precluding several records and videos regarding sex abuse that occurred in Father's home after 2017 and that the trial court violated her due process rights. The trial court found both issues to be "too vague to be considered on appeal." Trial Ct. Op., 1/26/23, at 13-14. Upon review, we agree.

As the trial court points out, "Mother fails to identify the records and the videos that she alleges were wrongfully omitted from the record." *Id.* at 13. Likewise, "Mother fails to identify any instances in which the court acted in violation of her right to due process of law." *Id.* at 14. Because these issues

---

[2] In her brief, Mother includes argument that the trial court failed to permit her the opportunity to obtain counsel without providing citation to the record concerning when this alleged denial occurred. Mother's Br. at 54. Mother, likewise, failed to include this issue in her Rule 1925(b) statement, or her statement of questions. Accordingly, this issue is waived.

are too vague to allow the trial court to identify the issues raised on appeal, we conclude they are waived.

In her fourth issue, Mother avers that the trial court erred when it "permit[ed] [Father]'s witness to testify regarding sexual abuse allegations without being certified as an expert while omitting medical records from a psychological evaluator that were vital to the case and refusing to allow witnesses subpoenaed by [Mother]?" Mother's Br. at 9. However, in her Rule 1925(b) Statement, Mother raised the issue as follows: "The court erred when treating the witness as an expert and omitting medical records and appellant's witnesses." Rule 1925(b) Statement, 12/28/22, at ¶ 7. The trial court found this issue "too vague to be considered on appeal" because "Mother fails to identify which experts, medical records, and witnesses she alleges that the court failed to consider." Trial Ct. Op. at 20. We agree and, likewise, find this issue waived for vagueness.

In her fifth and sixth issues, Mother avers that the court erred when it denied her petitions for recusal and failed to address her contempt petitions. Mother's Br. at 37. Mother's argument in support of these issues is substantially undeveloped. She merely provides the dates of the petitions and fails to cite any relevant legal authority to support her argument as required by Pa.R.A.P. 2119 (explaining that each issue is to be supported by discussion and citation of relevant authority). This Court "will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may

dismiss the appeal entirely or find certain issues to be waived." ***In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012) (citation omitted). Mother's failure to develop these issues severely hampers our ability to provide meaningful appellate review and we are constrained to find both issues waived.

**C.**

In her final issue, Mother avers that the trial court failed to consider all the Section 5328(a) custody factors. Once again, the trial court found this issue "too vague to be considered on appeal" because "Mother fails to identify **which** of the Section 5328 factors she alleges that the court failed to consider." Trial Ct. Op. at 19 (emphasis added). Nevertheless, the trial court generally addressed the issue on the merits and explained, *inter alia*, "the court considered and addressed all of the Section 5328 factors in open court at the hearing on December 1, 2022." ***Id.***

We agree that Mother failed to identify the specific custody factors that she was challenging, and, therefore, has waived any arguments concerning specific factors. Accordingly, we decline to address Mother's arguments regarding specific custody factors.

However, we will address Mother's general claim that the trial court failed to consider all the Section 5328 custody factors. Our review of the record belies this challenge and confirms that the trial court did, indeed, address all of the custody factors on the record at the end of the December 1, 2022 hearing. ***See*** N.T., 12/1/22, at 108-111.

Based upon its consideration of all the custody factors, the trial court found that awarding primary physical custody to Father was in Child's best interest. The trial court emphasized Child's "need for stability and continuity in his education and his community life and his strong expressed preference during his interview with the Court on December 1, 2022, to remain living with Father." Trial Ct. Op. at 20. The trial court further opined:

> [Child] is now 14 years old and has been living with his Father in suburban New Jersey at least since the entry of an interim order of court on September 12, 2018. He engages in many organized sporting activities, particularly basketball. He enjoys frequent interaction with teammates and social activities with his friends. His preference to live with Father and to see Mother on weekend days at such times that do not conflict with his athletic event was given substantial weight.

*Id.* Our review of the record supports the trial court's findings. We decline to reweigh the evidence or usurp credibility determinations. Based on our review, we conclude the trial court properly exercised its discretion in rendering its custody determination.

**D.**

In conclusion, the trial court properly considered the Section 5328(a) custody factors when it awarded primary physical custody of Child to Father. Mother waived her remaining issues when she failed to include them in her Rule 1925(b) statement, failed to identify them with specificity, or failed to substantially develop arguments to support them. We, thus, affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/31/2023