J-S02029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SERGIO PARRALES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SUJEILY RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 2631 EDA 2024 |

Appeal from the Order Entered September 9, 2024
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2015-FC-1539

BEFORE:  LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 26, 2025**

Sujeily Rodriguez ("Mother") appeals from the September 9, 2024 order that, *inter alia*, granted the petition to modify custody filed by Sergio Parrales ("Father") and awarded Father sole legal and primary physical custody of the parties' three children, seventeen-year-old Y.P., sixteen-year-old S.P., and ten-year-old S.P (collectively, "Children").  Upon review, we affirm.

A detailed recitation of the factual and procedural history is unnecessary to our disposition.  The parties have a history of filing numerous petitions for special relief, modification, and contempt regarding the custody of Children. Relevant to this appeal, on June 3, 2024, Father filed a *pro se* petition requesting that the trial court modify his custody from shared legal and partial physical custody of Children to sole legal and primary physical custody of Children.  In the petition to modify, Father raised various concerns regarding Children's safety in while in Mother's custody.  On July 2, 2024, Mother and

Father both attended a custody conference *pro se*, where they were unable to reach a custody agreement. On August 20, 2024, the court held a pre-trial conference. Father appeared *pro se* and Mother failed to appear despite proper notice. The court issued an order scheduling a custody trial for September 9, 2024, at 9:00 AM, including an *in camera* interview with the Children at 3:00 PM. On September 9, 2024, the trial court held a custody hearing. Father appeared *pro se* and presented testimony from himself and his wife. Mother again failed to appear despite proper notice. Mother also failed to ensure that Children appeared at the hearing for their scheduled *in camera* testimony.

At the conclusion of the hearing, after consideration of the 23 Pa.C.S. § 5328 custody factors, the court granted Father's petition to modify and awarded Father sole legal and primary physical custody of Children. In turn, the court awarded Mother partial physical custody of Children on alternating weekends and a once-weekly dinner.

Mother filed a timely counseled appeal. In response to an order from this Court, Mother filed a Pa.R.A.P. 1925(b) statement, and the trial court filed a responsive Rule 1925(a) opinion.[1]

---

[1] Mother failed to file a Rule 1925(b) statement concomitantly with her notice of appeal prompting this Court to enter an order directing Mother to file a Rule 1925(b) statement within 10 days; Mother complied. **See** Pa.R.A.P. 1925(a)(2)(i); **In re K.T.E.L.**, 983 A.2d 745, 747 (Pa. Super. 2009) (failure to file a 1925(b) statement concomitantly with a children's fast track appeal is considered a defective notice of appeal and will not be dismissed since failure to file the statement is a violation of a procedural rule and not an order of court).

Mother raises a sole issue for our review: "Did the court err in not interviewing [] Children before entering a decision transferring primary custody to [] Father from [] Mother." Mother's Br. at 9 (some capitalization omitted).

This Court reviews a custody determination for an abuse of discretion, and our scope of review is broad. **S.W.D. v. S.A.R.**, 96 A.3d 396, 400 (Pa. Super. 2014). This Court will not find an abuse of discretion "merely because a reviewing court would have reached a different conclusion." **In re K.D.**, 144 A.3d 145, 151 (Pa. Super. 2016). This Court must accept the findings of the trial court that the evidence supports. **S.W.D.**, 96 A.3d at 400. Importantly, "[o]n issues of credibility and weight of the evidence, we defer to the findings of the trial judge who has had the opportunity to observe the proceedings and demeanor of the witnesses." **K.T. v. L.S.**, 118 A.3d 1136, 1159 (Pa. Super. 2015) (citation omitted). We can interfere only where the "custody order is manifestly unreasonable as shown by the evidence of record." **Saintz v. Rinker**, 902 A.2d 509, 512 (Pa. Super. 2006) (citation omitted). Further, in a custody case, relief is not warranted unless the party claiming error suffered prejudice from the mistake. **J.C. v. K.C.**, 179 A.3d 1124, 1129-30 (Pa. Super. 2018).

Pennsylvania law provides that the trial court is only empowered to change an existing custody order if the modification will "serve the best interest of the child." 23 Pa.C.S. § 5338(a). Indeed, when reviewing child custody matters, our "paramount concern and the polestar of our analysis" is

the best interests of the child. **Saintz**, 902 A.2d at 512 (citation omitted). "The best-interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well-being." **D.K.D. v. A.L.C.**, 141 A.3d 566, 572 (Pa. Super. 2016) (citations omitted). "Common sense dictates that trial courts should strive, all other things being equal, to assure that a child maintains a healthy relationship with both of his or her parents, and that the parents work together to raise their child." **S.C.B. v. J.S.B.**, 218 A.3d 905, 916 (Pa. Super. 2019).

The trial court "shall determine the best interest of the child by considering all relevant factors, giving substantial weighted consideration to the factors . . . which affect the safety of the child," including the enumerated factors mandated by the Custody Act. 23 Pa.C.S. § 5328(a). The court must "delineate the reasons for its decision[.]" **Id.** at § 5323(d). Finally, in any action regarding the custody of the child between the parents of the child, there shall be no presumption that custody should be awarded to a particular parent and no preference based upon gender. 23 Pa.C.S. §§ 5327(a) and 5328(b).

In her sole issue, Mother avers that the trial court erred when it failed to interview Children prior to issuing its decision on Father's petition to modify custody. Mother's Br. at 9. Mother argues that Children's preference is an important factor in determining what disposition is in Children's best interest and can serve to "tip the evidentiary scale" in favor of one parent when all

other factors are equal. ***Id.*** at 11 (citing ***Bovard v. Baker***, 775 A.2d 835, 841 (Pa. Super. 2001)).

Pennsylvania Rule of Civil Procedure 1915.11 provides, in relevant part, that the "court may interview a child in open court or in chambers." Pa.R.C.P. 1915.11(b)(1). The Comment explains, however, that "the presence of a child in court is not always necessary or desirable. The experience may be traumatic and disruptive. Consequently, the child should not be required to attend a hearing or conference in every case." ***Id.*** at cmt.

This Court has clarified that while Rule 1915.11 provides the trial court with the option of whether to interview the child, "a court's decision to decline a child interview, over objection, is subject to appellate review for abuse of discretion[.]" ***E.C.S. v. M.C.S.***, 256 A.3d 449, 457 (Pa. Super. 2021). Notably, this Court has repeatedly held, in binding and persuasive authority, that a trial court does not abuse its discretion in declining to interview a child "when neither party seeks an interview." ***Id.*** at 457; ***see also K.L.C.S. v. D.W.S.***, 245 A.3d 1071 (Table), 2020 WL 7353815 at *7 (Pa. Super. Dec. 15, 2020) (non-precedential decision) (holding that the court did not abuse its discretion when it did not hear testimony from children when counsel did not submit an offer of proof as to how the testimony would be relevant to the proceedings and there was no evidence that either parent requested a child interview.); ***E.H. v. Y.R.***, 241 A.3d 430 (Table), 2020 WL 6106650 at *5 (Pa. Super. Oct. 15, 2020) (non-precedential decision) (concluding that the court did not err when it considered the children's preferences pursuant to Section

5328(a)(7) without interviewing the children, where neither party requested the court interview the children).

Instantly, there is no evidence in the record to suggest that either party requested that the court interview Children. In fact, Mother failed to appear at both the custody pre-trial conference and trial. *E.C.S.* instructs us that, because Mother did not request an interview of Children, the lower court did not abuse its discretion by not interviewing Children. Even if Mother had requested that the court interview Children, she failed to preserve this issue for appeal when she failed to appear in court and raise an objection. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). For the above reasons, we find no abuse of discretion.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2025