J-A28004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| PERLA XOCHETL HERNANDEZ-CRUZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID AMENEYRO | : | No. 1491 EDA 2022 |

Appeal from the Order Entered May 4, 2022
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2020-20800

BEFORE: PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.: **FILED APRIL 25, 2023**

Perla Xochetl Hernandez-Cruz ("Mother") appeals from the order transferring jurisdiction over Mother's custody petition regarding D.A. ("Child") to a court in New York, where David Ameneyro ("Father") had initiated a custody action. On appeal, Mother claims that (1) the trial court erred in finding that it lacked temporary emergency jurisdiction over the custody matter pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), *see* 23 Pa.C.A. §§ 5401-5482; (2) the trial court erred by not expeditiously determining jurisdiction, delaying communication with the New York court, and deciding the court lacked jurisdiction under the UCCJEA without providing Mother an opportunity to be heard. Although the record reveals a failure to expeditiously address the jurisdictional issue, Mother has waived this issue by not raising it in the trial court. Further, while

the trial court erroneously stated in its opinion on appeal that Mother did not file for emergency jurisdiction under the UCCJEA, the proceedings nonetheless conformed with the UCCJEA's provisions for emergency jurisdiction. Finally, we conclude the trial court was not required to hold a hearing before relinquishing jurisdiction, as the trial court's emergency jurisdiction had been terminated once it received an order from the New York court declaring New York to be Child's home state.  Therefore, we affirm the order.

Mother and Father were married in 2016. Child was born in July 2017 in New York, and the parties resided in Brooklyn, New York until about August 2020, when Mother left the home with Child and moved to Pennsylvania. **See** Complaint for Custody, 12/16/20, 1-5.  On December 7, 2020, Mother filed a Petition for Protection From Abuse ("PFA") in the Montgomery County Court of Common Pleas.  **See id.** at 9. Mother alleged Father had been abusive to her, but did not allege any violence toward Child. **See id.** at 10.[1] The trial court issued an *ex parte* temporary PFA Order, which, in part, gave Mother sole custody of Child with Father only permitted electronic communication. **See id.** at 13.  The trial court directed the parties to brief the issue of whether

---

[1] Mother's PFA petition is not in the certified record. While the PFA proceedings are not essential to the resolution of this appeal, Mother references them repeatedly in her appellate brief. **See, e.g.**, Appellant's Brief, at 10-11. We remind Mother's counsel that it is an appellant's burden to ensure the certified record on appeal is complete. **See Commonwealth v. Bongiorno**, 905 A.2d 998, 1001 (Pa. Super. 2006) (*en banc*). We reference the PFA action only to provide context for the procedural history of this custody proceeding.

the trial court had personal jurisdiction over Father, a New York resident, pursuant to abuse allegations occurring in New York.[2] On March 1, 2021, the trial court issued an order in the PFA action finding Pennsylvania had jurisdiction over the PFA case only. On June 25, 2021, the trial court issued a final PFA order, granting Mother administrative costs and temporary child support, and directing Father to remove her name from the lease in New York.

While the PFA proceedings were pending, Mother filed a complaint for custody in Montgomery County. **See** Complaint, 12/16/20. On January 26, 2021, Mother, with counsel, and Father, *pro se*, joined a custody conciliator for a phone conference. **See** Custody Conciliation Report, 1/27/21, at 1. At the conference, Father denied Mother's allegations, and asserted that New York had jurisdiction over the issue of Child's custody. **See id.**, at 2. Father further indicated he had filed a custody complaint in New York in August 2020, which had subsequently been dismissed. **See id.** However, Father stated that he had filed an appeal from the dismissal. **See id.**

After the conference, the trial court entered a temporary custody order, granting Mother sole legal custody and primary physical custody, and Father partial physical custody on alternating weekends. **See** Temporary Custody Order, 1/26/21, at 1.  The temporary order informed that parties that each

---

[2] There is no indication in the record of this process. However, neither party has raised an objection to the trial court's explanation of the delayed final PFA hearing.

had the right to object to the temporary order within 60 days or the temporary custody order would become final. *See id.* at 3.

On February 26, 2021, Father, through counsel, filed a motion to dismiss the temporary custody order, arguing Pennsylvania did not have jurisdiction over the custody of the child because the home state of the child was New York. *See* Motion to Dismiss and Vacate Temporary Custody Order, 2/26/21, at 3-4. Father also confirmed the New York court scheduled a hearing on his custody action for March 9, 2021. *See id.*, at 4.

On March 18, 2021, Mother filed objections to Father's motion to vacate the temporary custody order. She asserted she had properly filed for emergency relief under UCCJEA and claimed Father had waived his objection to personal jurisdiction in Pennsylvania by failing to raise the issue through preliminary objections.

On July 2, 2021, Father filed an emergency petition to vacate the January 26, 2021 temporary custody order and dismiss Mother's custody petition due to the pending hearing in New York. *See* Emergency Petition for Child Custody, 7/2/21. Although Father alleged Mother was neglecting Child, the trial court found the action was not an emergency and directed Mother to provide Father with Child's hospital records and scheduled a conference for July 14, 2021. *See* Order, 7/2/21; *see also* Scheduling Order, 7/6/21. On July 14, 2021, the trial court issued an order, directing counsel to relist the

matter after reviewing the medical and physiological evaluation of the child. ***See*** Order – Triage Resolution, 7/14/21.

This custody proceeding then laid dormant until Mother filed a praecipe to relist on March 29, 2022. ***See*** Praecipe/Application to Relist, 3/29/22. In response, the trial court scheduled a conference for May 10, 2022. ***See*** Scheduling Order, 4/7/22.

Before the May 10, 2022 conference, the trial court communicated with the Honorable Erick I. Prus, Supreme Court Justice, Kings County, State of New York, who was presiding over the custody proceeding initiated by Father in New York. ***See*** Trial Court Opinion, 7/25/22, at 4. Justice Prus "advised that New York State had determined that it had jurisdiction as the 'home state' of [Child] and that an Order would be executed forthwith making such determination." ***Id.***

Based on the information received from the New York court, the trial court issued an Order on May 4, 2022, cancelling the conference in the Montgomery County custody action. ***See*** Order – Short List, 5/4/22. The order further provided that "New York accepted jurisdiction over this matter. The case shall be closed." ***Id.*** Mother timely appealed.

Documents later transmitted to the trial court by Justice Prus indicate that Mother and Father, both represented by counsel, had agreed to the entry of an order declaring New York to be the home state of Child. ***See*** Kings County Supreme Court Order, 6/17/22, at 1. The order further directed Mother

- 5 -

to return the Child to Kings County New York no later than July 15, 2022, and to cooperate with enrolling Child "in a New York City School for the next upcoming regular school session …". ***Id.***[3] Mother indicates that she has appealed the New York custody order.

On appeal, Mother raises the following questions for our review:

1.      Whether the trial court erred or abused its discretion when it concluded that Mother failed to file an emergency petition for temporary emergency jurisdiction under section 5424(a) of the UCCJEA[?]

2.      Whether the trial court erred or abused its discretion when the Court delayed communicating with the Justice presiding over the New York custody matter regarding which court obtained proper jurisdiction in compliance with provisions of the UCCJEA[?]

Appellant's Brief, at 8.

Mother's claims challenge whether the trial court had jurisdiction over the custody matter in this case under the UCCJEA. This is a pure question of law, and therefore subject to *de novo* review and a plenary scope of review. ***See J.S. v. R.S.S.***, 231 A.3d 942, 947 (Pa. Super. 2020).

_____

[3] This order is not in the certified record but is attached as an exhibit to the trial court's opinion. Furthermore, Mother concedes that the New York court required Mother to return Child to New York and assist Father in enrolling Child in a school there. ***See*** Appellant's Brief, at 16. Under these circumstances, we can overlook Mother's failure to ensure these documents were included in the certified record. ***See Commonwealth v. Holston***, 211 A.3d 1264, 1276 (Pa. Super. 2019) (*en banc*) (holding that this Court may consider an item missing from the certified record where it is contained in the reproduced record and its accuracy is undisputed).

Mother first claims the trial court erred and abused its discretion when it concluded Mother had not filed an emergency petition for temporary emergency jurisdiction under section 5424(a) of the UCCJEA. **See** Appellant's Brief, at 20, 23-24. Mother argues that she clearly cited to Section 5424(a) in her custody complaint. **See id.** at 20-22. Mother highlights that Father conceded that Mother's custody complaint was filed pursuant to Section 5424(a). **See id.** at 21. Mother claims that the temporary custody order should have been deemed a final determination because Father had not properly commenced the New York action. **See id.** at 23.

"[T]he UCCJEA governs questions of child custody jurisdiction arising between Pennsylvania and the other states of the United States." **J.S.**, 231 A.3d at 947. Under section 5424(a), a Pennsylvania court may exercise jurisdiction under the UCCJEA if the child is present in Pennsylvania and "it is necessary in an emergency to protect the child because the child or a sibling or a parent of the child is subjected to or threatened with mistreatment or abuse." 23 Pa.C.S.A. § 5424(a).

Preliminarily, the trial court opined that "[s]ince an emergency petition was not filed under section 5424 of the UCCJEA, [the trial court] was not required to 'immediately' contact" the New York court. Trial Court Opinion, 7/25/22, at 8, n.9. We agree with Mother that her pleading explicitly invoked emergency jurisdiction under section 5424(a). However, this fact does not lead to the conclusion Mother desires.

As with all statutes, we interpret the UCCJEA to effectuate the intent of the legislature. *See* 1 Pa.C.S.A. § 1921(a); *see also Koken v. Reliance Ins. Co.*, 893 A.2d 70, 80 (Pa. 2006). When a statute is taken from a uniform or model act, we should consider that the legislature desired uniformity in the law with other states that have enacted the uniform act. *See Koken*, 893 A.2d at 83. "Although statutes, commentary and decisions of our sister states are certainly not binding on this Court, it is important in construing a uniform act to recognize how those states have interpreted similar provisions." *Id.*

The comment to section 204 of the uniform act, which is enacted as section 5424 in Pennsylvania, indicates that "a custody determination made under the emergency jurisdiction provisions of this section is a temporary order. The purpose of the order is to protect the child until the state that has jurisdiction under sections [5421 through 5423 as enacted in Pennsylvania] enters an order." UCCJEA § 204, cmt. While there is no Pennsylvania precedent on this issue, our research reveals other states have explicitly recognized that emergency jurisdiction under the UCCJEA gives courts authority to enter only temporary orders and does not confer authority to make a child custody order permanent. *See, e.g., Matter of V. B. N. S.*, 495 P.3d 1245, 1256 (Or. 2021) (collecting cases and concluding that "courts around the country have held that a court exercising temporary jurisdiction [under the UCCJEA] does not have authority to enter permanent or final orders.").

Here, Mother only invoked temporary emergency jurisdiction under Section 5424 in her custody complaint. *See* Complaint for Custody, 12/16/20, at ¶ 6.[4] She clearly did not invoke initial exclusive jurisdiction under the UCCJEA because, based on her own pleading, Child had not yet resided in Pennsylvania for six months. *See* 23 Pa.C.S.A. § 5421(a)(1) (providing for jurisdiction where Pennsylvania is "home state of child on the date of the commencement of the proceeding"); 23 Pa.C.S.A. § 5402 (defining "home state" as residence of child for the prior six months). Nonetheless, the trial court's temporary custody order explicitly limited its duration in the event a party filed an objection within 60 days. *See* Temporary Custody Order, 1/26/21, at 3. Since Father filed a timely objection, the temporary order complied with the statute. And even though the temporary order did not contain a time limit in the event of Father's objection, this error inured to

---

[4] Notably, Mother's custody complaint also acknowledged that Mother had already been granted "sole custody of Child" pursuant to her PFA petition. Complaint for Custody, 12/16/20, at ¶ 13. Arguably, due the existing temporary PFA order, Mother's custody complaint was already moot when filed because she had already obtained emergency sole custody of Child pursuant to the PFA order and no emergency was still pending at that time. However, since the final PFA order did not address custody of Child, we conclude Mother's complaint was not moot when filed.

Mother's benefit.[5] Additionally, the New York court provided the trial court with an order indicating New York was Child's home state.[6]

So, while we agree with Mother that the trial court was mistaken in stating Mother had not filed for emergency jurisdiction under the UCCJEA, that mistake does not alter the fact that the trial court properly issued a temporary custody order, the duration of which was properly terminated pursuant to the UCCJEA. *See* 23 Pa.C.S.A. § 5424(c). Mother's first issue on appeal merits no relief.

In her second issue, Mother claims the trial court erred by relinquishing jurisdiction without holding a hearing or giving Mother an opportunity to respond. *See* Appellant's Brief at 25, 28. Mother claims that under Section 5410(b), parties who do not participate in communication between courts, must be given the chance to present facts and legal arguments before jurisdiction is decided. *See id.* at 31. Mother also argues the trial court erred by not expeditiously determining the jurisdiction, delaying communication with the New York court, and deciding the court lacked jurisdiction without

_____

[5] Mother has not challenged the lack of an explicit termination date in the temporary order on appeal.

[6] In her custody complaint, Mother conceded that "Father may have filed an action in New York[,] but Mother has not been served." Complaint for Custody, 12/16/20, at ¶ 14. Under the UCCJEA, if Father had initiated a custody proceeding in New York prior to Mother filing her custody complaint in the trial court, the trial court's temporary order was limited in duration by its own explicit terms or until an order was received from the New York court. *See* 23 Pa.C.S.A. § 5424(c).

having a hearing or without providing Mother an opportunity to be heard. *See id.* at 25-30.

Mother essentially combines at least two separate, broad arguments under this single heading: (1) the trial court erred in not promptly resolving the custody dispute, and (2) the trial court erred in acting too quickly when relinquishing jurisdiction to the New York court. These two arguments are not simply dissimilar, they are contradictory. This violates our Rules of Appellate Procedure. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued…"). However, as this violation does not impede our ability to address Mother's arguments, we decline to find the issues waived. *See Universal Underwriters Ins. Co. v. A. Richard Kacin, Inc.*, 916 A.2d 686, 689 n.6 (Pa. Super. 2007).

We will address Mother's claim that the trial court was too slow in resolving the issue of jurisdiction first. The UCCJEA states the determination of jurisdiction is a priority in a custody proceeding: "If a question of existence or exercise of jurisdiction under this chapter is raised in a child custody proceeding, the question, upon request of a party, must be given priority on the calendar and handled expeditiously." 23 Pa.C.S.A. § 5407. Further, section 5424 requires a trial court exercising emergency jurisdiction to "immediately" communicate with a foreign court where a concurrent custody action has been filed. 23 Pa.C.S.A. § 5424(d).

While we agree with Mother that the issue of jurisdiction in this case was not resolved expeditiously, we conclude she is not due any relief on appeal. First, we note that Mother's appellate brief fails to set forth the place in the record where she preserved this argument in the trial court, in contravention of our Rules of Appellate Procedure. **See** Pa.R.A.P. 2119(e). Further, our review of the record does not reveal any evidence that Mother raised this issue in the trial court prior to her Pa.R.A.P. 1925(b) statement of issues. The closest Mother came to raising this issue was in a letter to the trial court:

> I represent [Mother] and [Father's counsel represents Father.] We are writing for a case status. If you remember, this case was not listed for a custody trial pending several matters. Per the triage of July 14, 2021, the court stated that they would relist after reading and reviewing medical and physiological evaluation of [Child.][7] This has not occurred. Further, the court stated that they would confer with the Honorable … Eric Prus of New York Superior Court to determine which court would take jurisdiction. That also has not occurred or if it has, it has not been communicated to counsel. Currently, there are support and custody matters pending Pennsylvania as well as divorce, custody and support matters pending in New York. Please relist this matter. Thank you.

Letter, 3/17/2022 (footnote added). Mother did not cite to section 5407 or section 5425(d). While she did express some dissatisfaction with the delay in the proceedings and the possible failure to communicate with the New York

---

[7] This characterization of the July 14, 2021 triage order was incorrect. In fact, the order provided that "[c]ounsel shall relist after reading and reviewing the medical and physiological evaluation of [Child.]" Accordingly, the burden was placed on the parties, not the trial court, to relist the case for a hearing.

court, the only relief she requested was relisting the matter. Three weeks later, the trial court entered an order scheduling a conference.[8]

Since Mother never raised a violation of section 5407 or section 5424(d) in the trial court, any claim of trial court error based on those sections is waived on appeal. **See** Pa.R.A.P. 302(a); **see also Steiner v. Markel**, 968 A.2d 1253, 1257 (Pa. 2009) ("[A] 1925(b) statement can … never be used to raise a claim in the first instance.").

In contrast, we conclude Mother has not waived her claim that the trial court erred in relinquishing jurisdiction without a hearing. Mother had no opportunity to raise this issue before the trial court entered its May 3, 2022 order relinquishing jurisdiction. Therefore, Mother's first opportunity to raise this issue was her Pa.R.A.P. 1925(b) statement of issues. **See** Pa.R.Civ.P. 1915.10(d) (prohibiting the filing of post-trial relief to an order of legal or physical custody).

Generally, if the parties are unable to participate in the communication between courts regarding jurisdiction, the UCCJEA requires that the parties be given an opportunity to present legal arguments and facts before the jurisdiction decision is made. **See** 23 Pa.C.S.A. § 5410(b); **see also J.C. v. K.C.**, 179 A.3d 1124, 1132-34 (Pa. Super. 2018).

---

[8] Mother has made no explicit claim or argument based on this three-week period.

- 13 -

However, we conclude that section 5410(b) is not applicable here. As noted above, Mother's custody complaint only invoked emergency jurisdiction under section 5424(a), and the trial court granted her an emergency temporary custody order. As discussed above, that temporary order was terminated once the New York Supreme Court sent the trial court an order declaring New York to be Child's home state. **See** 23 Pa.C.S.A. § 5424(c) (providing that the emergency custody order remains in effect "until an order is obtained from the other state within the period specified or the period expires"). Once the trial court received the New York order exercising home state jurisdiction over Child, the Pennsylvania proceeding was at an end. Under the UCCJEA, the trial court was required to relinquish jurisdiction. Mother is due no relief on her second issue.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2023

- 14 -